FILED

2014 JAN 24 PM 3: 29

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  PATEL & ALMEIDA, P.C.
   ALEX D. PATEL
2  (State Bar No. 201875)
   alex@patelalmeida.com
3  PAULO A. DE ALMEIDA
   (State Bar No.279168)
4  paulo@patelalmeida.com
   16830 Ventura Blvd., Suite 360
5  Encino, CA  91436
   Telephone: 818.380.1900
6  Fax: 818.380.1908

7  Attorneys for Plaintiff,
   OLGA CURTIS
8

9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

OLGA CURTIS, an individual,          Case No. CV14-591 ODW (SSx)

13
                                     COMPLAINT FOR:
        Plaintiff,
14                                   1) **DECLARATORY AND**
        v.                              **INJUNCTIVE RELIEF;**
15
SHINSACHI PHARMACEUTICAL             2) **MISREPRESENTATION OF**
16 INC., *f/k/a* SHINSACHI MEDIA INC.,   **COPYRIGHT**
   a corporation of Canada; Seungwoo    **INFRINGEMENT UNDER**
17 Shin, a Canadian individual; and DOES  **THE DMCA (15. U.S.C. §**
   1 through 10, inclusive,              **512(f));**
18
        Defendants.                  3) **CANCELLATION OF**
19                                      **FEDERAL TRADEMARK**
                                        **REGISTRATION (15 U.S.C. §**
20                                      **1119)**
21
                                     4) **INTENTIONAL**
22                                      **INTERFERENCE WITH**
                                        **CONTRACT;**
23
                                     5) **INTERFERENCE WITH**
24                                      **PROSPECTIVE ECONOMIC**
                                        **RELATIONS**
25
                                     **DEMAND FOR JURY TRIAL**
26

27

28

BY FAX

                        1
                   COMPLAINT

1
2
3
4
5

Plaintiff, Olga Curtis ("Plaintiff"), by and through her undersigned counsel, states as follows for her complaint against Defendant Shinsachi Pharmaceutical, Inc., f/k/a Shinsachi Media, Inc., a corporation of Canada ("Shinsachi"); Seungwoo Shin, a Canadian individual ("Shin"); and Does 1 through 10, inclusive (collectively, "Defendants"):

6

## NATURE OF THE ACTION

7
8
9
10
11
12
13
14
15
16
17
18

This is a declaratory judgment action seeking a determination that Plaintiff has never infringed any of the Defendants' copyrights, trademarks, or other intellectual property rights.  Plaintiff also seeks damages and an injunction prohibiting Defendants from sending false claims of infringement and other wrongdoing to Plaintiff's third party Internet service providers such as eBay and Google, among others.  Further, Plaintiff herein seeks cancellation of  Defendant Shinsachi's U.S. Trademark Registration Nos. 4290428 ("TATTOONUMB"), 4321983 ("SUPERNUMB") and 4326072 ("DEEPNUMB"), all for topical anesthetic skin care products for tattoo pain relief, on the grounds that Plaintiff is the true owner of these trademarks based on her prior and superior common-law trademark rights, and additionally on the grounds that Shinsachi has abandoned these trademarks through non-use in commerce.

19
20
21
22
23
24
25
26
27

In short, Defendants used computers in Canada to hijack Plaintiff's trademarks TATTOONUMB, SUPERNUMB, and DEEPNUMB in the United States by registering them at the USPTO.  Defendants then used the registrations to prevent Plaintiff from selling her own products online by sending over 30 Digital Millennium Copyright Act ("DMCA") "takedown" notices containing false allegations of copyright and trademark infringement to Plaintiff's third party service vendors such eBay, Google, PayPal, and Plaintiff's web hosting provider, Serversea.  On the basis of these false allegations of infringement, eBay removed over 140 of Plaintiff's on-line product listings for her skin care products and

28

2

**COMPLAINT**

suspended her various user accounts; Google suspended Plaintiff's "Adwords" account used for on-line advertising; and SeaServer suspended Plaintiff's main website at *www.numbcreams.com*.  Defendants' false complaints also prevented Plaintiff from lawfully purchasing and re-selling some of the Defendants' "DR NUMB" skin cream products, which Plaintiff is entitled to do under the first sale doctrine.

Over a period of three years, the foregoing acts of Defendants disrupted Plaintiff's business by preventing her from advertising and selling her skin care products on the Internet.  Still today, Defendants continue to send false infringement notices to third party Internet service providers for the purpose of interfering with Plaintiff's business.  Plaintiff now seeks damages and injunctive relief prohibiting Defendants and their agents from continuing the inference.

## PARTIES

1.     Plaintiff is an individual with her principal place of business at 2006 S. Main St., Moscow, Idaho, United States.

2.     On information and belief, Defendant Shinsachi is a corporation of Canada, having its principal place of business in Vancouver, British Columbia, Canada.

3.     On information and belief, Defendant Seungwoo Shin is an individual residing in Vancouver, British Columbia, Canada.

4.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 to 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.     Plaintiff is informed and believes, and on that basis alleges, that each of the defendants was the agent and/or employee of the remaining defendants and, at all times mentioned, acted within the course and scope of such agency and

**COMPLAINT**

employment.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Copyright Act (17 U.S.C. §§ 101 *et seq*.), 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act (28 U.S.C. § 2201).  This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

7.      This Court has personal jurisdiction over Defendants because they conduct business in the State of California through, among other things, operating interactive websites purposefully directed at California residents, selling skin creams to California residents, and using the internet to send electronic communications containing false statements to Plaintiff's third party service vendors in California, including eBay, Google, and PayPal.

8.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(c) because Defendants are not residents in the United States and may be sued in any judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiff's Successful Skin Care Brands

9.      Since at least as early as 2011, Plaintiff  has invested substantial resources into marketing and selling topical anesthetic skin creams throughout the U.S. under the trademarks TATTOONUMB, SUPERNUMB, and DEEPNUMB (collectively, the "NUMB Marks").

10.      Specifically, Plaintiff has used the trademark TATTOONUMB for topical anesthetics since June 25, 2011, the trademark SUPERNUMB for topical anesthetics since June 12, 2011, and the trademark DEEPNUMB for topical anesthetics since June 16, 2011.

4

**COMPLAINT**

11.     Plaintiff's NUMB Marks have developed national and international brand recognition as identifying some of the highest quality topical anesthetics available on the market today.

12.     Plaintiff has extensive common law rights in the NUMB Marks based her continuous use of the marks throughout the United States since the aforementioned "first use" dates.

13.     As a result of Plaintiff's widespread and continuous use of the NUMB Marks, the marks have acquired extensive, valuable goodwill, have developed a high degree of distinctiveness, and have become well known and recognized as identifying Plaintiff's superior quality skin care creams.

14.     Plaintiff primarily advertises and sells her topical anesthetics under the NUMB Marks on the Internet through her "listings" at the online retail and auction website eBay.com ("eBay").

15.     In addition to her seller pages on eBay, Plaintiff also operates the website at *www.numbcreams.com* to promote and sell her skin creams under the NUMB Marks.

16.     Through her sales on eBay and elsewhere on the Internet, Plaintiff has built up substantial good will as a reputable and dependable seller of topical anesthetic skin creams.

## Plaintiff's Lawful Sales of Defendants' DR. NUMB Products

17.     On information and belief, Defendants produce a topical anesthetic cream under the trademark DR. NUMB ("DR. NUMB") and sells the product through their own website at www.*drnumb.com* and through eBay.

18.     On information and belief, Defendant Seungwoo Shin, a director of Defendant Shinsachi, registered the trademark DR. NUMB with the USPTO.  The U.S. trademark registration number for DR. NUMB is 3916453.  On information and belief, although there is no assignment for the DR. NUMB registration

**COMPLAINT**

recorded at the USPTO, Shinsachi uses the mark with the permission of its director, Defendant Seungwoo Shin.

19.     Defendant Shinsachi is a competitor of Plaintiff in the field of topical anesthetics.

20.     On a few occasions, Plaintiff purchased DR. NUMB products directly from Defendants through the Internet and re-sold them in the United States on eBay and on her website at *www.numbcreams.com*.  Plaintiff sold the DR. NUMB products along with her own products TATTOONUMB, SUPERNUMB, and DEEPNUMB.

21.     No contract existed between Defendants and Plaintiff concerning Plaintiff's re-sale of DR. NUMB products in the United States.

22.     On information and belief, when Defendants first sold the DR. NUMB products to Plaintiff which she later offered for re-sale on the Internet, Defendants did not retain ownership of those particular products.  On information and belief, Plaintiff owned the DR. NUMB products once purchased from Defendants and lawfully re-sold them under the first sale doctrine.

## **Defendants' Wrongful Conduct**

### Shinsachi's Unlawful Registration of Plaintiff's Marks in the United States

23.     On information and belief, approximately one year after Plaintiff began selling her products under the NUMB Marks on eBay in June of 2011, Defendant Shin filed three trademark applications at the USPTO for the marks TATTOONUMB, SUPERNUMB, and DEEPNUMB, all for use in connection with "topical anesthetics".

24.     Specifically, on February 16, 2012, Defendant Shinsachi filed the following U.S. trademark applications at the USPTO:

    1) Serial Number 85/545,084 for the mark

        TATTOONUMB for "topical anesthetics" alleging a

**COMPLAINT**

"first use" date of August 11, 2011, and a "first use in

commerce" date of February 3, 2012;

    2) Serial Number 85/545,073 for the mark

SUPERNUMB for "topical anesthetics" alleging a

"first use" date of August 11, 2011, and a "first use in

commerce" date of February 5, 2012; and

    3) Serial Number 85/545,054 for the mark DEEPNUMB

for "topical anesthetics" alleging a "first use" date of

August 11, 2011, and a "first use in commerce" date of

February 12, 2012.

    25.    On February 12, 2013, the USPTO issued U.S. trademark registration number 4290428 for the mark TATTOONUMB on the Supplemental Register.

    26.    On April 16, 2012, the USPTO issued U.S. trademark registration number 4321983 for the mark SUPERNUMB on the Principal Register.

    27.    On April 23, 2013, the USPTO issued U.S. trademark registration number 4326072 for the mark DEEPNUMB on the Supplemental Register.

    28.    On information and belief, Defendants knew that Plaintiff was the prior user of the NUMB Marks in the United States when Defendant Shinsachi filed the three trademark applications on February 16, 2012.

    29.    As the prior user of the NUMB Marks, Plaintiff is the owner of the marks and is entitled to federal registration, not Shinsachi.

    30.    On information and belief, the Defendants have never used the marks TATTOONUMB, SUPERNUMB or DEEPNUMB to sell any goods of any kind in the United States.  As such, Defendants never acquired any trademark rights in these marks.  If Defendants ever acquired trademark rights in these marks, Defendants abandoned such rights through non-use in commerce.  For these additional reasons, Defendants were never entitled to federal registration of the

**COMPLAINT**

marks, and are not entitled to maintain such registrations for marks which are not in use.

31.    On information and belief, the Defendants filed the foregoing trademark applications for the purpose of preventing Plaintiff from registering her own NUMB Marks in the United States, and so that Defendants could misuse the resulting registrations to disrupt Plaintiff's business.  Specifically, Defendants sent communications containing false allegations of trademark infringement to Plaintiff's third party Internet service providers, which Defendants knew were false and would result in the removal of Plaintiff's products and advertising from the Internet.  These false complaints resulted in the removal of Plaintiff's products and advertising, causing damage to Plaintiff's business.

Defendants' False Allegations of Infringement

32.    On various dates between 2011 and 2013, Defendants, directly or through an agent, submitted over 200 complaints to various third party Internet service providers, including eBay, Google, PayPal, and Plaintiff's web hosting provider, Serversea, alleging that Plaintiff had infringed on Defendants' copyrights and/or trademarks, and/or that Plaintiff had engaged in other unlawful activities.

33.    Some of the complaints alleged infringement of the TATTOONUMB, SUPERNUMB, and DEEPNUMB trademark registrations, despite Plaintiff's superior rights in these marks.  Some complaints alleged infringement of Defendants' DR. NUMB trademark, even though Plaintiff lawfully purchased and re-sold the DR. NUMB products under the first sale doctrine.  Other complaints alleged copyright infringement of images and/or text owned by Defendants, without specifying any copyright registration, and without identifying the images or text allegedly used by Plaintiff.  Other complaints alleged that Plaintiff had engaged in "spamming" or that Plaintiff had sold topical anesthetics in violation of government regulations concerning such products.

**COMPLAINT**

34.     The allegations of infringement and other wrongdoing in the complaints are false, and Defendants knew or should have known upon submitting the complaints that the statements contained therein were false.  These complaints demanded that the Internet service providers remove Plaintiff's products and advertising from the Internet.  In most cases, these Internet service providers removed Plaintiff's products from the internet, thereby causing lost sales and damage to Plaintiff's business.

35.     Specifically, on information and belief, on various dates between 2011 and 2013, Defendants, directly or through an agent, submitted over 30 "Notices of Claimed Infringement" ("Notices") to eBay through eBay's Verified Rights Owner ("VeRO") program, which allows intellectual property holders to terminate on-line listings of allegedly infringing goods.  On information and belief, the Notices submitted by Defendants alleged trademark and/or copyright infringement and demanded that eBay terminate Plaintiff's eBay listings of products for sale.

36.     On information and belief, in these Notices, Defendants represented under penalty of perjury that they had a good faith belief that Plaintiff's listings infringed Defendants' trademarks and/or copyrights, and that all of the information contained in the Notices was accurate.  Submission of a Notice through the VeRO program constitutes a notification of infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

37.     On information and belief, upon submitting the Notices, Defendants did not have a good faith belief that the products offered for sale in Plaintiff's listings infringed Defendants' copyrights and/or trademarks.  All of the Notices contained false statements and misrepresentations concerning infringement.  At the very least, on information and belief, upon submitting the Notices, Defendants knew or should have known the Notices contained false statements and misrepresentations concerning infringement.

**COMPLAINT**

38.     The products offered for sale complained of in the Notices were either Plaintiff's own products sold under her NUMB Marks, or they were DR. NUMB products which Plaintiff lawfully purchased from Defendants and re-sold in the United States pursuant to the first sale doctrine.

39.     Plaintiff's eBay listings complained of in the Notices did not include any of Defendants' copyrighted text or graphics.

40.     Plaintiff s eBay listings complained of in the Notices did not infringe Defendants' copyrights, trademarks, or any other rights of Defendants.

41.     Each time Defendants submitted a Notice through the VeRO program, eBay notified Plaintiff of the alleged infringement and removed the listing complained of in the Notice.  In each Notice, eBay identified one of the Defendants as the intellectual property rights owner responsible for the Notice.

42.     Plaintiff contacted Defendants by email and inquired into the reason for the termination of the eBay listings.  Defendants responded in an email stating that "the selling of SuperNumb and DeepNumb must stop immediately"; that "[Plaintiff] is selling unauthorized pharmaceutical drugs" and that "Unauthorized use of [Defendants'] Dr. Numb copyrighted material by 'SuperNumb and DeepNumb' is absolutely illegal."  Defendants also stated, "We believe you have wilfully infringed our rights under 17 USC Section 101 and you will be liable for statutory damages as high as $100,000.00."

43.     In addition to contacting the Defendants by email, Plaintiff sent various Counter Notices regarding the removed listings ("Counter-Notices") to eBay, in compliance with the VeRO program policies and with the DMCA, 17 U.S.C. § 512(g)(3).  The Counter-Notices explained that Plaintiff did not engage in any infringement of Defendants' intellectual property rights.

44.     On information and belief, eBay informed Defendants of Plaintiff's

**COMPLAINT**

1  Counter-Notices, explaining that eBay would allow Plaintiff's listings to be restored

2  if eBay did not receive notice within a certain amount of time that Defendants had

3  filed an action in federal court seeking an order to restrain Plaintiff from selling her

4  products.  Defendants did not file such an action, and therefore, eBay allowed some

5  of the listings to be restored on the eBay site.

6       45.   Even after some of Plaintiff's listings were restored by eBay, and even

7  after Plaintiff informed Defendants that there was no infringement, Defendants

8  continued to submit Notices containing false statements concerning infringement,

9  resulting in the continued removal of Plaintiff's listings from eBay.

10       46.   At least 140 of Plaintiff's eBay listings were removed by the

11  aforementioned actions of Defendants between 2011 and 2013.

12       47.   But for Defendants misrepresentations concerning alleged

13  infringement in the Notices, eBay would not have removed the listings.

14       48.   As a result of Defendants' actions, Plaintiff has expended time and

15  resources, has lost sales, and is unable to continue to sell her products on eBay.

16  Plaintiff has also suffered damage to her reputation as a top-rated seller on eBay.

17  For example, and among other damages, the termination of Plaintiff's product

18  listings damaged Plaintiff by causing eBay to issue "strikes" against Plaintiff's seller

19  account, which caused eBay to place Plaintiff's product listings at the back of the

20  search query list for Plaintiff's products, thereby making Plaintiff's products more

21  difficult to find and resulting in damage to her reputation as a popular and trusted

22  seller of skin care products.  As a result of the terminated listings, Plaintiff

23  expended time and resources to improve her online visibility and reputation and

24  return her listings to the top of the search results.

25       49.   On information and belief, in November of 2012, Defendants or their

26  agent sent a complaint to Google's "Adwords" team containing allegations of sales

27  of "counterfeit goods" by Plaintiff.  Plaintiff never sold any "counterfeit goods" or

28

**COMPLAINT**

otherwise violated Google's "Advertising Policy".  Thus, the allegations of counterfeiting are false, and, on information and belief, Defendants knew they were false.  Based on the complaint, Google notified Plaintiff that it would no longer display her advertisements because she had violated the company's "Advertising Policy".  As a result of Defendants' false allegations, Plaintiff is still today unable to advertise using Google Adwords, which has resulted in lost sales and damage to Plaintiff's business.

50.     On information and belief, in 2013, Defendants or their agent sent at least one complaint to Plaintiff's web hosting provider, Serversea, which hosts Plaintiff's website at *www.numbcreams.com*.  The complaint(s) alleged that Plaintiff had engaged in copyright and trademark infringement, and that Plaintiff had also engaged in "spamming".  On information and belief, upon receiving the first complaint, a representative from ServerSea stated in an email to Plaintiff, "Your website is down due to TRADEMARK INFRINGEMENT and [sic]continues spamming. You are violating our terms of services and US law. We cannot restore your website until you contact our support team and provide them legal prove that you own the company that you claim and you'll never send spam again."

51.     Upon receiving a second complaint, a representative from Seversea stated in an email to Plaintiff, "This is the second time we have [sic]receied abuse warning from internet authorities and now we will not let your account open with out[sic] your proper explanation on this." *Id*.  Defendants' allegations in the complaint(s) to Serversea are false.  Plaintiff never infringed any of Defendants' copyrights or trademarks, and Plaintiff never engaged in any "spamming".  Eventually, Serversea restored Plaintiff's website; however, as a result of Defendants' false complaints, Plaintiff was forced to expend time and resources to seek restoration of the page through Serversea, and the page was inoperative for some time, which caused lost sales and other damages to Plaintiff.

**COMPLAINT**

52.     Defendants continue to send communications containing false allegations of infringement to Plaintiff's third party Internet service providers, and Defendants' continued wrongdoing has caused, is causing, and will continue to cause irreparable harm to Plaintiff and her business.

53.     Due to Defendants' continuing unlawful conduct, Plaintiff is now forced to bring this Complaint to protect her business and her valuable intellectual property rights.  In filing this Complaint, Plaintiff was required to retain counsel and incur substantial fees and costs, and continues to incur fees and costs, to prosecute this lawsuit and pursue her claims.

## COUNT I – DECLARATORY RELIEF

(Against all Defendants)

54.     Plaintiff hereby incorporates by reference paragraphs 1 through 53, *supra,* as if fully set forth herein.

55.     Defendants contend that Plaintiff has infringed their alleged copyrights, trademarks, and that Plaintiff has engaged in spamming and the sale of illegal products.

56.     Plaintiff contends that she has never infringed any of Defendants' alleged copyrights or trademarks, and in particular, her purchase and resale of DR. NUMB products in the U.S. is lawful under the first sale doctrine.

57.     Defendants have threatened to take legal action against Plaintiff if she continues to sell her product, and Defendants have repeatedly requested removal of Plaintiff's eBay listings, her website, or otherwise complained to Plaintiff's third party Internet service providers about the alleged infringement.

58.     Plaintiff continues to attempt to sell her products on the internet under threat of legal action by Defendants, and Defendants have already caused the removal of Plaintiff's eBay listings and caused Google to disallow Plaintiff from using the AdWords advertising program.

**COMPLAINT**

59.     On information and belief, Defendants plan to continue to interfere with Plaintiff's business in the aforementioned manner for the indefinite future.

60.     As a result of Defendants' actions, eBay suspended Plaintiff's seller accounts and has informed her that it will not reinstate them until eBay receives authorization from Defendants.  Google has disallowed Plaintiff from using the AdWords program.  Defendants have refused to authorize eBay to reinstate Plaintiff's accounts, and eBay will not do so without an order from this Court declaring that there is no infringement.

61.     Plaintiff seeks to sell and advertise her products on eBay and elsewhere on the Internet, but as a result of Defendants' actions, is unable to do so. As a result, Plaintiff continues to lose profits and suffer damage to her business and reputation.

62.     There is a real and actual controversy between Plaintiff and Defendants regarding whether the continued sale of her products is lawful or whether it infringes Defendants' rights, and whether Plaintiff has engaged in "spamming" or selling illegal products -- none of which Plaintiff has done.

## COUNT II – MISREPRESENTATION OF COPYRIGHT INFRINGEMENT

### (Against all Defendants)

63.     Plaintiff hereby incorporates by reference paragraphs 1 through 62, *supra,* as if fully set forth herein.

64.     By submitting Notices of Claimed Infringement to eBay and other complaints to other Internet service providers, Defendants knowingly and materially misrepresented that Plaintiff's sale of skin care products infringed Defendants' alleged copyrights.

65.     As a result of Defendants' acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to her business in the form

14

**COMPLAINT**

1    of lost profits and injury to goodwill and reputation.

2         66.    As a result of Defendants' knowing material misrepresentations,

3    Plaintiff is entitled pursuant to 17 U.S.C. § 512(f) to all damages, including costs

4    and attorneys' fees, which she incurred as the result of eBay's reliance upon

5    Defendants' misrepresentations.

6         67.    Unless this Court restrains Defendants from further commission of the

7    aforementioned acts, Plaintiff will suffer irreparable injury, for which she is without

8    an adequate remedy at law.  Accordingly, Plaintiff seeks an order enjoining

9    Defendants from any sending any further wrongful notices, complaints, or threats in

10   connection with the sale of Plaintiff's products on the internet.

11   **<u>COUNT III – CANCELLATION OF FEDERAL TRADEMARK</u>**

12   **<u>REGISTRATION (15 U.S.C. §§ 1064 AND 1119)</u>**

13   (Against Defendant Shinsachi)

14        68.    Count III is an action for cancellation of a federal trademark

15   registration under arising under Section 14 of the Lanham Act, 15 U.S.C. §§ 1064

16   and 1119.  Subject matter jurisdiction over this Count is based upon 15 U.S.C. §

17   1121 and 28 U.S.C. §§ 1331 and 1338.

18        69.    Plaintiff hereby incorporates by reference paragraphs 1 through 68,

19   *supra,* as if fully set forth herein.

20        70.    Defendant Shinsachi applied for and obtained U.S. trademark

21   registrations for the marks TATTOONUMB (Reg. No. 4290428), SUPERNUMB

22   (Reg. No. 4321983), and DEEPNUMB (Reg. No. 4326072), described in this

23   Complaint, *supra.*

24        71.    Plaintiff has been and will continue to be damaged by Reg. Nos.

25   4290428, 4321983, and 4326072 and hereby prays for cancellation of the same.  As

26   grounds in support of her claim for cancellation, Plaintiff alleges as follows:

27

28

Priority and Likelihood of Confusion

72.    Plaintiff has extensively used and promoted the marks TATTOONUMB, SUPERNUMB, and DEEPNUMB for topical anesthetics in interstate commerce, and thus owns valuable common-law trademark rights in the marks, with priority of use established as early as June 25, 2011, for TATTOONUMB; June 12, 2011, for SUPERNUMB; and June 16, 2011, for DEEPNUMB.

73.    Shinsachi's application filing date of February 26, 2012 for the TATTOONUMB, SUPERNUMB, and DEEPNUMB trademark applications falls at least one (1) year and three (3) months after Plaintiff's first use of the same marks in June of 2011.

73.    On information and belief, Shinsachi's claimed "first use" of the TATTOONUMB, SUPERNUMB, and DEEPNUMB marks on August 11, 2011, falls at least one (1) month after Plaintiff's first use of the same marks for topical anesthetics in June of 2011.

74.    On information and belief, Shinsachi does not have any basis for claiming rights in the TATTOONUMB, SUPERNUMB, or DEEPNUMB marks prior to Shinsachi's application filing dates or claimed "first use" dates for the same marks.

75.    On information and belief, Shinsachi does not have any basis for claiming rights in the TATTOONUMB, SUPERNUMB, or DEEPNUMB marks prior to Plaintiff's aforementioned first use dates for the same marks.

76.    On information and belief, Plaintiff's first use of her NUMB Marks predates the earliest date on which Shinsachi may rely for its alleged use of the TATTOONUMB, SUPERNUMB, and DEEPNUMB marks for topical anesthetics.

77.    Plaintiff has priority of use of her NUMB marks based on her earlier use in commerce.

**COMPLAINT**

78.     Shinsachi's junior marks are identical to Plaintiff's senior NUMB Marks and are likely, when applied to Shinsachi's goods, to cause confusion, mistake or deception among consumers within the meaning of 15 U.S.C. § 1052(d).

79.     Shinsachi's topical anesthetics are identical to and are advertised and directed at the same marketing and trade channels, and to the same consumers, as Plaintiff's topical anesthetics.

80.     Shinsachi's junior marks so resemble Plaintiff's senior NUMB Marks, and the goods are so similar such that the public is likely to Shinsachi's junior marks as denoting an affiliation, connection, or association of Shinsachi with Plaintiff and as to the origin, sponsorship, and approval of Shinsachi's goods by Plaintiff, when that is not the case, thereby damaging Plaintiff.

81.     On information and belief, Shinsachi knew or should have known of Plaintiff's prior adoption and use of its NUMB Marks, and therefore could not have formed the requisite good faith belief that Shinsachi is the owner of the marks sought to be registered, and that no other person, firm, corporation or association has the right to use said mark in commerce, and consequently knew that such use is and would be in derogation and violation of Plaintiff's rights.

<u>Abandonment</u>

82.     On information and belief, pursuant to 15 U.S.C. § 1064 and 15 U.S.C. § 1127, Shinsachi has abandoned the marks TATTOONUMB, SUPERNUMB, and DEEPNUMB due to nonuse for at least two consecutive years and has no intent to resume use of the marks as registered and/or Shinsachi has never used the marks as registered and has no intent to commence use of the marks.

83.     Plaintiff attempted to find Shinsachi's TATTOONUMB, SUPERNUMB, and DEEPNUMB topical anesthetics as shown in the aforementioned U.S. trademark registrations by extensively searching the Internet and various retail and on-line retail stores, but was unable to find Shinsachi's goods

**COMPLAINT**

offered anywhere in the United States.

84. On information and belief, Shinsachi does not currently produce or sell any goods under the marks TATTOONUMB, SUPERNUMB, or DEEPNUMB anywhere in the United States, and has not provided such goods anywhere in the United States for at least two years with no intent to resume use of the mark for such goods, and/or has never used the TATTOONUMB, SUPERNUMB, or DEEPNUMB marks and has no intent to commence use of the marks for such goods.

85. Plaintiff will be damaged by the continued registration of TATTOONUMB, SUPERNUMB, or DEEPNUMB in that such registrations will give colorable exclusive statutory rights to Shinsachi in violation and derogation of the common law trademark rights of Plaintiff in her own NUMB Marks for topical anesthetics. In addition, Plaintiff has been damaged in that Defendants wrongfully used the registrations to interfere with and damage Plaintiff's business by sending false allegations of infringement of the registered marks to Plaintiff's third party Internet service providers.

## COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACT

(Against all Defendants)

86. Plaintiff hereby incorporates by reference paragraphs 1 through 85, *supra,* as if fully set forth herein.

87. Plaintiff had a valid contract with eBay to sell products through the eBay website. Plaintiff also had valid contracts directly with eBay users who had agreed to purchase Plaintiff's products.

88. Plaintiff had valid contracts with other Internet service providers such as Google, Serversea, and Paypal.

89. Defendants knew about Plaintiff's contracts with eBay, eBay users, Google, Serversea, and Paypal.

**COMPLAINT**

90.    Defendants intentionally submitted false Notices of Claimed Infringement to eBay and sent other complaints containing false allegations of infringement to Google, Serversea, and Paypal to disrupt Plaintiffs contracts.  In the alternative, Defendant  negligently submitted the false Notices of Claimed Infringement and other complaints.

91.    Defendants' conduct caused eBay and Google to terminate their contracts with Plaintiff by suspending her accounts.

92.    Defendants' conduct also caused eBay users who had agreed to buy her products to terminate their contracts with Plaintiff.

93.    By reason of the foregoing, Plaintiff has been damaged in that Defendant's conduct has resulted in lost profits and other damages to Plaintiff, and Plaintiff will continue to be damaged unless Defendants are enjoined from continuing their wrongful conduct.

94.    Plaintiff will be irreparably injured by the continued acts of Defendants, until and unless such acts are enjoined.  Plaintiff has no adequate remedy at law.

## COUNT III – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

(Against all Defendants)

95.    Plaintiff hereby incorporates by reference paragraphs 1 through 94, *supra,* as if fully set forth herein.

96.    Plaintiff had economic relationships with eBay, Google, Serversea, and Paypal, with the probability of future economic benefit to plaintiff.

97.    Plaintiff also had economic relationships with potential purchasers of her products on eBay.

98.    Defendants knew about Plaintiff's economic relationships with Google, Serversea, eBay, and potential purchasers of her products on eBay.

**COMPLAINT**

99.     Defendants intentionally submitted false Notices of Claimed Infringement and sent other complaints containing false allegations of infringement to eBay, Google, Serversea, and Paypal to disrupt Plaintiff's future economic benefit by causing lost sales and other damages.  In the alternative, Defendants negligently sent the false Notices of Claimed Infringement and other complaints containing false allegations of infringement.

100.     Defendants' conduct was independently wrongful in that it constituted misrepresentation and improper business practices.

101.     Defendants' conduct caused Plaintiff to lose future economic benefits by causing lost sales and other damages to Plaintiff, and will continue to be damaged unless Defendants are enjoined from continuing their wrongful conduct.

102.     Plaintiff will be irreparably injured by the continued acts of Defendants, until and unless such acts are enjoined.  Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.      A declaratory judgment that Plaintiff's sale of TATTOONUMB, SUPERNUMB, DEEPNUMB, and DR NUMB skin care products is lawful and does not infringe Defendants' copyright, trademark, or other rights; and, in particular, that Plaintiff's sale of DR NUMB products is protected by the first sale doctrine;

B.      That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction order by personal or other service be preliminarily and permanently enjoined from (1) sending Notices of Claimed Infringement to eBay concerning Plaintiff; (2) sending any other

complaints containing allegations of infringement or other wrongdoing to Plaintiff's third party Internet service providers or other vendors of goods and/or services; and (3) interfering in any way with Plaintiff's sale of skin care products on the Internet;

C. An injunction requiring Defendants to (1) rescind their Notices of Claimed Infringement with eBay and to authorize eBay to reinstate Plaintiff s accounts; and (2) requiring Defendants to retract their allegations of infringement and/or other wrongdoing sent to Google, Paypal, Serversea, and any other third party Internet service providers who received such complaints;

D. Damages according to proof;

E. That because of the willful nature of Defendants' acts, the Court enter a judgment for treble the amount of the aforesaid damages;

F. That because of the willful, intentional, and wrongful nature of Defendants' acts, the Court award to Plaintiff exemplary or punitive damages;

G. That the Court award Plaintiff pre-judgment interest;

H. That Defendant be required to pay to Plaintiff its costs in this action, including all costs and attorneys' fees; and

I. That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated:  January 15, 2014                    PATEL & ALMEIDA, P.C.
                                            ALEX D. PATEL
                                            PAULO A. DE ALMEIDA

                                            By: /Alex D. Patel/
                                                ALEX D. PATEL

                                            Attorneys for Plaintiff,
                                            OLGA CURTIS

**COMPLAINT**

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated:  January 23, 2014                    PATEL & ALMEIDA, P.C.
                                            ALEX D. PATEL
                                            PAULO A. DE ALMEIDA

                                            By:___/Alex D. Patel/_____
                                                 ALEX D. PATEL

                                            Attorneys for Plaintiff,
                                            OLGA CURTIS

22

**COMPLAINT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ Suzanne H. Segal _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-591-ODW(SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ January 24, 2014 _____                    By _____ C. Sawyer _____
Date                                                                          Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division          [ ] Southern Division              [ ] Eastern Division
    312 N. Spring Street, G-8       411 West Fourth St., Ste 1053       3470 Twelfth Street, Room 134
    Los Angeles, CA 90012          Santa Ana, CA 92701                 Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

OLGA CURTIS, an individual,

)
)
)
)
_____
*Plaintiff(s)*

)
)

**CV 14-591** *ODW* (Ssx)

Civil Action No.

v.

)

SHINSACHI PHARMACEUTICAL
INC., f/k/a SHINSACHI MEDIA INC., a corporation of
Canada; Seungwoo Shin, a Canadian individual; and
DOES 1 through 10, inclusive,

)
)
)
)
_____
*Defendant(s)*

)
)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

> Alex D. Patel
> 16830 Ventura Blvd., Suite 360
> Encino, CA 91436

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

CHRIS SAWYER

Date: 1-24-14   _____
*Signature of Clerk or Deputy Clerk*

1149

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| OLGA CURTIS, an individual, | ) |
| | ) |
| | ) |
| | ) **CV14-591** ODW(SSx) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| SHINSACHI PHARMACEUTICAL | ) |
| INC., f/k/a SHINSACHI MEDIA INC., a corporation of | ) |
| Canada; Seungwoo Shin, a Canadian individual; and | ) |
| DOES 1 through 10, inclusive, | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Alex D. Patel
> 16830 Ventura Blvd., Suite 360
> Encino, CA 91436

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 1-24-14

_____
*Signature of Clerk or Deputy Clerk*

1149

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                            *Server's signature*

                                                  _____
                                                            *Printed name and title*

                                                  _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| OLGA CURTIS, an individual | SHINSACHI PHARMACEUTICAL INC., f/k/a SHINSACHI MEDIA INC., a corporation of Canada; Seungwoo Shin, a Canadian individual |

| **(b)** County of Residence of First Listed Plaintiff  Latah  *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  *(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| **(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.  Patel & Almeida, P.C.  Alex D. Patel (State Bar No. 201875)  Paulo A. de Almeida (State Bar No. 279168)  16830 Ventura Blvd., Suite 360, Encino, CA 91436  Tel: 818-380-1900 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No      **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15. U.S.C. § 512(f) MISREPRESENTATION OF COPYRIGHT INFRINGEMENT UNDER THE DMCA; 15 U.S.C. § 1119 CANCELLATION OF FEDERAL TRADEMARK REGISTRATION; DECLARATORY AND INJUNCTIVE RELIEF; INTENTIONAL INTERFERENCE WITH CONTRACT; INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**      Case Number:

CV-71 (11/13)          CIVIL COVER SHEET          Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐  A. Arise from the same or closely related transactions, happenings, or events; or

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐  D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**          DATE: 1/23/2014

---

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |